IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IRVING KARL BIGELOW,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VALLEY MENTAL HEALTH, et al.,<br><br>　　　　　Defendants. | **REPORT & RECOMMENDATION**<br><br>Case No: 2:05-CV-752 TC<br><br>District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

　　　Plaintiff Irving Karl Bigelow filed suit under 42 U.S.C. § 1983 against Valley Mental Health[1] alleging that it released his medical records in violation of federal law. The case was referred to the magistrate judge under 28 U.S.C. § 636(b)(1)(B).

　　　Bigelow's complaint is sparse on facts. He apparently received court-ordered treatment from Defendant Valley Mental Health. He alleges that after he had been released from the court-ordered treatment and probation by a judge in the Second Judicial District, Valley Mental Health released his medical information without authorization to a different judge at a court in Draper, Utah. Bigelow asserts that because of the unauthorized release of his medical information, he was subjected to court action in Draper. In addition, funding for his college education was withdrawn by Vocational Rehabilitation. He seeks damages.

---

[1] Bigelow named several defendants in his complaint. However, he has since filed a motion asking the court to make Valley Mental Health the sole defendant, and to dismiss the other defendants. (Motion to Reduce Defendant List, docket no. 13, filed October 14, 2005.)

Bigelow is proceeding without prepayment of fees under 28 U.S.C. § 1915. Section 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[2] Under Federal Rule of Civil Procedure 12(b)(6), "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[3] In reviewing the complaint, the court accepts all well-pleaded facts as true, construes the complaint liberally, and draws all reasonable inferences in favor of the plaintiff.[4]

Section 1983 provides a remedy for deprivation of a federal constitutional or statutory right by a person acting under color of state law.[5] Bigelow alleges that the release of his medical information violated federal regulations found at 42 C.F.R. Part 2 pertaining to confidentiality of alcohol and drug abuse patient records.[6] For purposes of this Report and Recommendation, the court assumes, without deciding, that the records at issue are covered by the regulations and their authorizing statute.

---

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir. 2004).

[4] *Gonzales v. City of Castle Rock*, 366 F.3d 1093, 1096 (10th Cir. 2004), *rev'd on other grounds*, 125 S. Ct. 2796 (2005); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[5] *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1207 (10th Cir. 2005).

[6] The regulations were initially authorized by 42 U.S.C. §§ 290dd-3 and 290ee-3. Those sections were replaced by § 290dd-2 in 1992 under the Alcohol and Drug Abuse and Mental Health Administration Reorganization Act. *Briand v. Lavigne*, 223 F. Supp. 2d 241, 245 n.3 (D. Me. 2002); *Ellison v. Cocke County, Tenn.*, 63 F.3d 467, 469 (6th Cir. 1995) *see Center for Legal Advocacy v. Earnest*, 320 F.3d 1107, 1109 (10th Cir. 2003).

In general, the regulations impose restrictions on the disclosure of drug and alcohol abuse patient records that are maintained in connection with a federally assisted drug or alcohol abuse treatment program.[7] There are certain exceptions to the restrictions such as patient consent or court order.[8] Bigelow asserts that he did not consent to any disclosure, and there was no court order authorizing disclosure of his medical information. The provisions at issue contain a criminal penalty for violation of the statute or its implementing regulations.[9]

Several courts have concluded that the statute and its regulations do not create a private right of action, or a right enforceable under section 1983.[10] "[W]here the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under § 1983 or under an implied right of action."[11] Nothing in the language of the statute suggests that Congress intended to create a private right of action for violation of the confidentiality provisions. On the contrary, the language establishes that Congress intended to enforce the statute through criminal penalties.[12] As the Sixth Circuit has

---

[7] 42 C.F.R. § 2.3(a); *see Center for Legal Advocacy*, 320 F.3d at 1109.

[8] 42 C.F.R. § 2.3(a)(2), (4).

[9] 42 U.S.C. § 290dd-2(f); 42 C.F.R. § 2.4.

[10] *Doe v. Broderick*, 225 F.3d 440, 446-49 (4th Cir. 2000); *Chapa v. Adams*, 168 F.3d 1036, 1037-38 (7th Cir. 1999); *Ellison v. Cocke County, Tenn.*, 63 F.3d 467 (6th Cir. 1995); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 247-51 (D. Me. 2002).

[11] *Gonzaga Univ. v. Doe*, 536 U.S. 273, 286 (2002); *accord Briand*, 223 F. Supp. 2d at 244.

[12] *Ellison*, 63 F.3d at 470.

observed, "courts are 'especially reluctant' to recognize additional remedies where a statute expressly provides a remedy."[13]

Not every violation of federal law gives rise to a claim under section 1983.[14] "In order to seek redress under § 1983 . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*."[15] Rather than creating rights for a particular group, criminal statutes afford protection to the general public.[16] Because the statute and regulations at issue neither create a private right of action, nor confer an individual federal right upon a class of beneficiaries,[17] Bigelow's complaint fails to state a claim, under either section 290dd-2 or section 1983.

---

[13]*Id.; see Transamerica Mortgage Advisors, Inv. v. Lewis*, 444 U.S. 11, 19 (1979).

[14]*Ellison*, 63 F.3d at 471; *see Golden State Trans. Corp. v. Los Angeles*, 493 U.S. 103, 109 (1989).

[15]*Doe*, 225 F.3d at 447 (emphasis in original)(quoting *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)).

[16]*Doe*, 225 F.3d at 447-48; *accord Chapa*, 168 F.3d at 1038.

[17]*See Gonzaga Univ.*, 536 U.S. at 285; *Briand*, 223 F. Supp. 2d at 244.

## RECOMMENDATION

Bigelow's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have the right to object to the Report and Recommendation. The parties are further notified that they must file any objections to the Report and Recommendation with the clerk of the district court, pursuant to 28 U.S.C. § 636(b), within ten (10) days after receiving it. Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

February 1, 2006.

BY THE COURT:

_____s/David Nuffer_____
David Nuffer
U.S. Magistrate Judge